# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL MAHONEY,** | : | **CIVIL NO. 3:15-CV-1655** |
| | : | |
| Petitioner | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **DAVID J. EBBERT,** | : | |
| | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Michael Mahoney ("Mahoney"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## I.   **Background**

Mahoney alleges that on August 21, 2009, he was indicted in the United States District Court for the Eastern District of Louisiana on the following charges: 21 U.S.C. § 841(A)(1); 21 U.S.C. §§ 841(b)(1)(A); 21 U.S.C. § 841(b)(1)(b); 21 U.S.C. § 841(b)(1)(c); 21 U.S.C. § 841(b)(1)(D); 18 U.S.C. § 922(g)(1); and, 18 U.S.C. § 924(c)(1).  (Doc. 3, p. 1).

---

[1]Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. Governing § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

He pled guilty to all six counts and was sentenced to a 322 months of incarceration "[d]ue partly to Enhancement of Career Offender Status."  (Id.)

Mahoney filed the instant petition on August 26, 2015.  (Doc. 1).  He seeks to have his judgment vacated based on the holding in the recent Supreme Court of the United States case of Johnson v. United States, — U.S. — , 135 S.Ct. 2551(2015) (finding that an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violated the Constitution).  (Doc. 3, p. 1).

**II.   Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255.  Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law."  28 U.S.C. § 2255(h); 28 U.S.C. 2244(3)(A).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy by motion under § 2255 would be inadequate or ineffective to test the legality of detention.  *See* 28 U.S.C. § 2255(e); see Okereke, 307 F. 3d at 120; see Dorsainvil, 119 F.3d at 251-52.  Section 2255 may be inadequate or ineffective when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or

where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision." Dorsainvil, 119 F.3d at 251–52.  Conversely, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002) (citations omitted); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.  "If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction."  Id., citing Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence.")  See also United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (observing that "federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

In the instant petition, Mahoney seeks relief *via* § section 2241 because he submitted a motion pursuant to 18 U.S.C. 3582(c) and was denied relief.  (Doc. 3, p. 2).  He relies on the recent United States Supreme Court case of Johnson v. United States, — U.S. — , 135 S.Ct. 2551 (2015).  (Doc. 2, p. 1).  In Johnson, the United States Supreme Court held that the "residual claims" of the Armed Career Criminal Act violates the Constitution's guarantee of Due Process due to vagueness.  Johnson, 135 S.Ct. at 2563.  However, because he is ultimately challenging his conviction and sentence, his claims are controlled by 28 U.S.C. §

3

2255.  See Wallace v. Bledsoe, No. 1:1-CV-132, 2011 WL 766641, * 3 (M.D. Pa. 2011) (Jones, J.) (finding that the petitioner's claim that a prior conviction was improperly used to enhance his sentence must be brought by way of section 2255); Pryce v. Scism, Civil No. 1:10-cv-1680, 2011 WL 41883, *4 (M.D. Pa. 2011) (Jones, J.) (concluding that section 2255, not section 2241, is the appropriate section to address Pryce's claim, that he is actually innocent of being a career criminal because his prior state convictions should not have been considered to enhance his current federal sentence, and explaining that innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by section 2255 would be inadequate or ineffective). Accordingly, the instant petition is subject to dismissal.

     Nor can Mahoney obtain review under section 2241 based on an argument that he is actually innocent because such an argument seeks relief from sentencing as an armed career criminal, as opposed to being factually innocent of the crime for which he was convicted. Courts that have considered this argument have recognized that one is not convicted of being an "armed career criminal."  Rather, this status is utilized as a basis to enhance a federal sentence.  Therefore, innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by §2255 would be inadequate or ineffective. Accord United States v. Brown, 456 F. App'x 79, 81 (3d Cir. 2012) (*per curiam*) (stating "[w]e have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal.  Brown has not satisfied that

standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender."); see also, Selby v. Scism, 453 F. App'x 266, 268 (3d Cir. 2011) (finding "Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is 'innocent' of a [career offender] sentencing enhancement because of an intervening change in law. Accordingly the exception described in In re Dorsainvil does not apply.").

Significantly, Mahoney does not indicate that he has presented the issue he raises in this petition in a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

### III.   CONCLUSION

For the above stated reasons, the Court lacks jurisdiction to consider Mahoney's petition. Therefore, the petition will be dismissed. Notably, dismissal will be without prejudice to Mahoney's ability to take any action he deems appropriate under § 2255 to preserve and present his issues in a second or successive motion to vacate, set aside, or correct his sentence.

An appropriate order will issue.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated: November 2, 2015